# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| SCOTT A. WELLS | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 2:09-cv-130 |
| | ) |
| NORTH STAR CAPITAL ACQUISITION | ) |
| LLC, DATA SEARCH NY INC. d/b/a | ) |
| TRAK AMERICA ENTERPRISES, LLC | ) |
| and TRAK AMERICA, and FINKELSTEIN | ) |
| KERN STEINBERG & CUNNINGHAM, | ) |
| ATTORNEYS, | ) |
| | ) |
|     Defendants. | ) |

## ANSWER OF DATA SEARCH NY INC d/b/a TRAK AMERICA ENTERPRISES, LLC and TRAK AMERICA

Comes the Defendant Data Search NY Inc. d/b/a Trak America Enterprises, LLC and Trak America, by and through its attorney of record, and presents the following as its Answer to the original Complaint in the above-styled cause:

I.

The allegations of Section 1 of the original Complaint are denied.

II.

The allegations of Section 2 of the original Complaint are admitted.

III.

The allegations of Section 3 of the original Complaint are admitted.

IV.

The allegations of Section 4 of the original Complaint are admitted.

V.

The Defendant may neither admit nor deny the allegations of Section 5 of the original Complaint, being without sufficient knowledge thereof, but strict proof thereof is demanded;

VI.

Because the allegations of Section 6 of the original Complaint do not apply to this Defendant, no answer is made.

VII.

Because the allegations of Section 7 of the original Complaint do not apply to this Defendant, no answer is made.

VIII.

Because the allegations of Section 8 of the original Complaint do not apply to this Defendant, no answer is made.

IX.

The allegations of Section 9 of the original Complaint are admitted.

X.

Because the allegations of Section 10 of the original Complaint do not apply to this Defendant, no answer is made.

XI.

The Defendant admits that the website so stated.

XII.

The Defendant admits that the website so stated.

XIII.

The Defendant admits that the website so stated.

XIV.

The Defendant admits that the website so stated.

XV.

The allegations of Section 15 of the original Complaint are admitted.

XVI.

The allegations of Section 16 of the original Complaint are admitted.

XVII.

The allegations of Section 17 of the original Complaint are admitted.

XVIII.

The allegations of Section 18 of the original Complaint are admitted.

XIX.

The allegations of Section 19 of the original Complaint are admitted.

XX.

The allegations of Section 20 of the original Complaint are admitted.

XXI.

The allegations of Section 21 of the original Complaint are admitted.

XXII.

The allegations of Section 22 of the original Complaint are admitted.

XXIII.

The allegations of Section 23 of the original Complaint are admitted.

XXIV.

The allegations of Section 24 of the original Complaint are denied.

XXV.

This Defendant denies the allegations of Section 25 of the original Complaint, and believes that the persons named, Ms. Hornblass and Ms. Bull, were employees of the Defendant North Star at the time of the execution of the affidavit; neither were employees of this Defendant; further, the identity, employment, affiliation, etc., of a notary public is immaterial to any claim for the collection of any debt, and certainly is immaterial to this claim in this lawsuit.

XXVI.

This Defendant denies the allegations of Section 26 of the original Complaint, and believes that Ms. Hornblass does in fact perform those duties for North Star, and did at the time of the execution of the affidavit.

XXVII.

The statement is admitted, as Section 27 is a false statement.

XXVIII.

The allegations of Section 28 of the original Complaint are denied.

XXIX.

The allegations of Section 29 of the original Complaint are admitted.

XXX.

This Defendant admits that the law so states, but denies that this is applicable to this case.

XXXI.

This Defendant admits that the law so states, but denies that this is applicable to this case.

XXXII.

The allegations of Section 32 of the original Complaint are denied; for further reference, see response numbers 24 and 25.

XXXIII.

The Defendant admits the allegation of Section 33, as the statement in the Complaint is a false statement, knowingly made by the Plaintiff.

XXXIV.

The allegations of Section 34 of the original Complaint are denied; for further reference, see response numbers 24 and 25.

## XXXV.

The allegations of Section 35 of the original Complaint are denied; for further reference, see response numbers 24 and 25.

## XXXVI.

The allegations of Section 36 of the original Complaint are denied.

## XXXVII.

The allegations of Section 37 of the original Complaint are denied.

## XXXVIII.

The allegations of Section 38 of the original Complaint are admitted.

## XXXIX.

This Defendant denies the allegations of Section 39 of the original Complaint, as the Plaintiff well knew that he, in fact, had made payment within the six years preceding the filing of the claim, so that the original lawsuit was filed within the statute of limitations.

## XL.

The allegations of Section 40 of the original Complaint are denied; for further reference, see response number 39.

## XLI.

This Defendant admits that the statement in Section 41 is a copy of the law, but denies that it applies to this case.

## XLII.

This Defendant admits that the statement in Section 42 is a copy of the law, but denies that it applies to this case.

## XLIII.

The allegations of Section 43 of the original Complaint are denied; for further reference, see response number 39.

XLIV.

The allegations of Section 44 of the original Complaint are denied; for further reference, see response number 39.

XLV.

The allegations of Section 45 of the original Complaint are denied y; for further reference, see response numbers 24 and 25.

XLVI.

The allegations of Section 46 of the original Complaint are denied; for further reference, see response numbers 24 and 25.

XLVII.

The allegations of Section 47 of the original Complaint are denied; for further reference, see response numbers 24 and 25.

XLVIII.

The allegations of Section 48 of the original Complaint are denied; for further reference, see response numbers 24 and 25.

XLIX.

The allegations of Section 49 of the original Complaint are denied; for further reference, see response numbers 24, 25 and 39.

L.

The allegations of Section 50 of the original Complaint are denied.

LI.

The allegations of Section 51 of the original Complaint are denied.

LII.

The allegations of Section 52 of the original Complaint are denied.

LIII.

The allegations of Section 53 of the original Complaint are denied.

LIV.

This Defendant denies that the Plaintiff is entitled to any relief, including the relief prayed under count 1, on page 16, of the original Complaint.

LV.

Specifically, with regard to the verification of the Complaint, this Defendant would state that the Plaintiff, Mr. Wells, has improperly made oath that he believes the facts contained are true, as he knows when he made payments putting himself within the statute of limitations, and he knows that the purpose of this Complaint is to harass the Defendants, and to collect damages when none should be paid to him; denies that this proceeding was made in good faith, and denies that he had a factual basis to make his original Complaint, irrespective of whether or not he is willing to execute an oath to that effect.

LVI.

Any allegation of fact or law in the original Complaint not heretofore admitted, denied, or explained, is hereby denied as fully and completely as if done so specifically.

NOW HAVING ANSWERED, THE DEFENDANT PRAYS that the cause against it be dismissed, and the costs thereof taxed to the Plaintiff and his surety.

WITNESS their hands this <u>4th</u> day of August, 2009.

                DATA SEARCH NY, INC., d/b/a TRAK AMERICA
                ENTERPRISES, LLC and TRAK AMERICA

                BY:   s/Robert M. Stivers, Jr.
                Robert M. Stivers, Jr., BPR #000737
                P.O. Box 217
                Knoxville, TN 37901-0217
                Ph. (865) 546-7190
                bstivers@opw.com

APPROVED FOR ENTRY:

BY:   s/Robert M. Stivers, Jr.
Robert M. Stivers, Jr., BPR #000737
O'NEIL, PARKER & WILLIAMSON
P.O. Box 217
Knoxville, TN 37901-0217
Phone: (865) 546-7190
Fax: (865) 546-0789

## CERTIFICATE OF SERVICE

    I Robert M. Stivers, Jr., do hereby certify that I have filed the original of this document electronically with the Court, and notice of the filing is being sent by the course of the electronic filing system to attorneys of record as of the date of this filing, counsel for the plaintiff, Alan C. Lee, and to Ron Cunningham, pro se.

    WITNESS my hand this 4th day of August, 2009.

                                        s/Robert M. Stivers, Jr.
                                        O'NEIL, PARKER & WILLIAMSON, PLLC